UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

ULYSSES MORGAN                                      NUMBER 11-155-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 6, 2013.

                                               */s/ Stephen C. Riedlinger*
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

ULYSSES MORGAN                                      NUMBER 11-155-JJB-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Ulysses Morgan.  Record document number 135.

For the reasons which follow, the petitioner's § 2255 motion should be denied.


**I. Procedural History**

Petitioner entered a guilty plea to one count of conspiracy to possess and pass counterfeit obligations of the United States in violation of 18 U.S.C. § 371 and 2 in the United States District Court for the Middle District of Louisiana.  Petitioner was sentenced to serve a 41-month term of imprisonment in the custody of the United States Bureau of Prisons, and upon release from imprisonment, a two-year term of supervised release.  Judgment was entered on November 14, 2012.  Petitioner did not appeal.

Petitioner signed his § 2255 motion on May 21, 2013 and it was filed on May 28, 2013.  Petitioner asserted the following grounds

for relief:

    Ground One:    the district court failed to follow proper sentencing procedures and adjust his sentence pursuant to U.S.S.G. § 5G1.3; and

    Ground Two:    he was denied effective assistance of counsel.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## II. Applicable Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### A.    Ground One: Misapplication of Sentencing Guidelines - Waiver

In Ground One the petitioner argued that the district judge failed to properly apply U.S.S.G. § 5G1.3, resulting in an excessive sentence. Petitioner's written plea agreement informed him of the right to appeal his sentence, and that by entering into the plea agreement he would forfeit that right, including a

proceeding under 28 U.S.C. § 2255.[1]

It is well-established that a defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary. *See, e.g., United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements.") A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544. A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence. *See United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

Rule 11, Fed.R.Crim.P. ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting it.[2] *United States v. Reyes*, 300 F.3d

---

[1] The plea agreement reserved the right to appeal "(a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court." Record document number 144, Plea Agreement, p. 2, ¶ 4. Petitioner also retained the right to bring a claim of ineffective assistance of counsel. *Id*. The sentencing guidelines range was calculated to be between 33 and 41 months. Record document number 128, p. 20, ¶ 80. Petitioner was sentenced within the guidelines range.

[2] Rule 11(b)(1) provides, in pertinent part, as follows:
(continued...)

3

555, 558 (5th Cir. 2002).  Petitioner has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights.  *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2002).

Petitioner was rearraigned on April 26, 2012, represented by attorney Marci Blaize.  During the Rule 11 colloquy, the district judge informed the petitioner of the charge to which he intended to plead guilty.[3]  The district judge verified that the petitioner fully understood the charge and the sentencing ramifications of his guilty plea.[4]  Petitioner was adequately informed and aware of the consequences of his plea, including the waiver of his right to appeal and to seek post-conviction relief.[5]  Petitioner's plea was

---

[2](...continued)
   Before the court accept a plea of guilty or nolo contendere,... the court must inform the defendant of, and determine that the defendant understands, the following:
...
   (G) the nature of each charge to which the defendant is pleading;
   (H) any maximum possible penalty ...;
   (I) any mandatory minimum penalty;
...
   (M) in determining the sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors ...

[3] Record document number 151, Transcript of Re-Arraignment, pp.6-10.

[4] *Id.*

[5] *Id.* at 14, 17, 19-21.

knowingly and intelligently entered and the petitioner knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction. *See Bond*, 414 F.3d 544.

### B. Ground Two: Ineffective Assistance of Counsel - Waiver

In Ground Two the petitioner argued that he was denied effective assistance of counsel. Specifically, the petitioner argued that he was denied effective assistance of counsel when counsel failed to inform him and the district judge that he was entitled to a sentence reduction pursuant to the provisions of U.S.S.G. § 5G1.3, and when counsel failed to move for a sentence reduction for time spent in state custody for relevant conduct.

The United States Court of Appeals for the Fifth Circuit has held that a defendant may waive his right to § 2255 post-conviction relief if the waiver was knowing and voluntary. *United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). For such a waiver to be knowing and voluntary, a defendant must understand that he has a right to collateral review and that he is giving up that right. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011)(citation and quotation omitted).

An ineffective assistance of counsel claim may defeat a waiver where the alleged ineffective assistance "directly affects the validity of the waiver." *White*, 307 F.3d at 339, 343. "A claim of

5

ineffective assistance of counsel at any other stage, such as sentencing, cannot overcome a knowing and voluntary plea or waiver." *Id*. at 343. A "knowing and intelligent waiver" may not be "easily evaded" merely by raising an ineffective assistance of counsel claim. *Id*. at 344. Where a defendant knowingly and voluntarily agrees to a waiver, despite alleged ineffective assistance of counsel, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id*. at 343-44.

As noted above, the petitioner's guilty plea was knowingly and intelligently entered, and he knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence. He did not contend, however, that the alleged ineffective assistance of counsel caused his earlier decision to plead guilty to be either unknowing or involuntary. As such, the provision in the petitioner's Plea Agreement which waived his right to § 2255 relief is enforceable. *White*, 307 F.3d at 343.

This is so even though the Plea Agreement contained a provision regarding ineffective assistance of counsel, which provided as follows:

> Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

Plea Agreement, p. 2, ¶ 4.

This language does not give the petitioner an unconditional right to assert any claims for ineffective assistance of counsel he

desires to make, but only such claims as he may "otherwise have." Petitioner validly waived his right to attack his sentence, except for the three circumstances described in the Plea Agreement. None of these circumstances apply here. This waiver applies even if brought in the guise of an ineffective assistance of counsel claim. *White*, 307 F.3d at 341-44; *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), *cert. denied*, 546 U.S. 902, 126 S.Ct. 246 (2005)(holding that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001) (same); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001) (same); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001) (same); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000) (same).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

Baton Rouge, Louisiana, December 6, 2013.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE