UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS

ULYSSES MORGAN                              NO.: 3:11-cr-00155-BAJ-SCR

## RULING AND ORDER

Before the Court is Petitioner's *pro se* motion styled **MOTION FOR ORDER NUNC PRO TUNC (Doc. 148).** In effect, Petitioner seeks an order clarifying that his 41-month federal sentence for conspiracy to pass counterfeit bills in violation of 18 U.S.C. § 371 and 2 is intended to run *concurrent* with his 5.5-month Mississippi sentence for forging counterfeit instruments in violation of Mississippi law. (*See id.* at pp. 3–4; Doc. 128 at ¶ 52).

Certainly, the Court had discretion at sentencing to order that Petitioner's federal sentence run concurrent with his Mississippi sentence. *See* 18 U.S.C. § 3584(b); *Jones v. Joslin*, 635 F.3d 673, 675 (5th Cir. 2011). Such was not the Court's intent here, however. Despite being well-aware of Petitioner's related, but factually-*distinct* Mississippi forgery conviction, (*see* Doc. 128 at ¶ 52 (Petitioner's Presentence Investigation Report); Doc. 148 at ¶ 2 (Petitioner's Motion For Order Nunc Pro Tunc conceding that "[t]he state declined to use the [federal] evidence in its prosecution of Petitioner")), the Court did *not* specifically order that Petitioner's federal and state sentences should run concurrent. (Doc. 132 at p. 2 (Judgment); Doc. 142 at pp. 63–69 (Sentencing Hearing Transcript)). *See Free v. Miles*, 333 F.3d

550, 553 (5th Cir. 2003) ("A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively."). Nor did the Court even *inquire* as to whether the sentences should run concurrent at Petitioner's sentencing hearing. (Doc. 142 at pp. 63–69 (Sentencing Hearing Transcript)). *See Jones*, 635 F.3d at 675 ("[I]f the court wanted the federal sentences to . . . run concurrent with the state sentence, contrary to the statutory presumption, then it should have discussed why this departure was justified with reference to the Section 3553(a) factors and the specific offenses for which [Petitioner] was convicted."). Thus, Petitioner is not entitled to the relief he seeks.

Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION FOR ORDER NUNC PRO TUNC (Doc. 148)** is **DENIED.**

Baton Rouge, Louisiana, this 16th day of April, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

2